**NOT FOR PUBLICATION**

**FILED**

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAHONG ZHANG; WENMIN HE, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-138 <br><br> Agency Nos. <br> A208-316-233 <br> A208-316-234 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Yahong Zhang and her husband, Wenmin He, natives and citizens of

China, seek review of the Board of Immigration Appeals' ("BIA") decision

affirming the immigration judge's ("IJ") denial of Zhang's lead applications for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Reviewing for substantial evidence, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2017), we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination. "We review adverse credibility findings for substantial evidence, and must uphold them unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). Zhang first contends that the BIA misconstrued the record in determining that she provided inconsistent testimony about whether she was aware her visa application contained false information. But Zhang's testimony before the IJ was plainly inconsistent. When asked whether she provided any false information in her visa application, Zhang answered, "I don't know," but then later told the IJ that she knew about the false information, including fake work history on the visa application. This inconsistency casts doubt on Zhang's credibility. *See Singh*, 643 F.3d at 1181.

Zhang also argues that the BIA erred in concluding that her voluntary return to China after traveling to several other countries diminished her credibility. Zhang alleges that she fears returning to China because of its family planning policy. Zhang, however, voluntarily returned to China following trips to several other countries even though she testified she was pregnant at the time. The BIA reasonably concluded that this "cuts against [Zhang's] credibility." *Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008).

Zhang further argues that the BIA erred in adopting the IJ's implausibility finding about Zhang's voluntary visit to a state-run hospital because it was based on speculation. But substantial evidence supports the finding. Zhang testified

that she applied for asylum because she feared the government would discover she was pregnant and force her to have an abortion, but she went to a government-run hospital for an ultrasound to determine whether she was pregnant. Moreover, the BIA was not required to accept Zhang's explanation that she was unsure whether an at-home test would be accurate. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that the BIA is not compelled to accept a petitioner's explanation even if the explanation is reasonable).

Lastly, Zhang contends the BIA misconstrued the record in determining that Zhang's documentary evidence undermined the credibility of her claim. But Zhang admits that her uncle falsified at least one official state document she submitted for the record. Contrary to Zhang's assertions, the record does not compel a conclusion contrary to the BIA's.

Because the various inconsistencies and implausibilities identified by the BIA constitute substantial evidence supporting the agency's adverse credibility determination and its determination that other record evidence did not satisfy Zhang's burden to establish eligibility for the relief she requested, we deny the petition.

**PETITION DENIED.**